324 P.2d 1006

**BEAUDRY MOTOR COMPANY, an Arizona corporation, Appellant,**

v.

**Louis D. TRUAX and Anne J. Truax, husband and wife, Appellees.**

**No. 6318.**

Supreme Court of Arizona.

April 23, 1958.

Rehearing Denied May 20, 1958.

Silver, Silver & Ettinger, Tucson, for appellant.

Merchant & Parkman, Tucson, for appellees.

UDALL, Chief Justice.

This is an appeal by Beaudry Motor Company, an Arizona corporation (defendant-appellant), from a money judgment entered against it in an action brought by plaintiff (appellee) Louis D. Truax, et ux. for the claimed breach of an oral contract. The case was tried to the court, sitting without a jury. The parties will hereafter be referred to as they were in the lower court, viz.: plaintiff and defendant.

The lawsuit arose out of plaintiff's agreement to purchase from defendant a new Chrysler Imperial automobile. One of the

principal points of difference is whether the defendant motor company agreed to accept two used cars, i. e., a Packard and a Lincoln as trade-ins on the deal. To resolve these differences will require a careful analysis of the evidence and an interpretation of the "Purchase Order" infra, which was admittedly signed by plaintiff.

Plaintiff's amended complaint—upon which the case was tried—prayed for judgment in the sum of $1,356.27 for an alleged breach by defendant of its oral contract to accept a Lincoln automobile as an additional trade-in on the new Chrysler covered by the purchase order. Obviously the measure of damage sought to be applied is the value of the Packard car less the lien that was paid off by defendant. Defendant by its answer denied a breach of contract and counterclaimed for damages in the sum of $2,000 for breach of the alleged written contract, i. e., the purchase order for the new Chrysler Imperial. Plaintiff's answer to the counterclaim admitted signing the incomplete purchase order but alleged there was a contemporaneous oral agreement by which defendant agreed to accept the Lincoln automobile as an additional trade-in.

At the conclusion of the trial defendant moved for judgment, which motion was denied. Thereafter judgment was entered in favor of plaintiff and against defendant for $811.30, plus costs, and "that defendant take nothing by its counterclaim." After denial of defendant's motion for a new trial this appeal was taken. No assignment of error is predicated upon that portion of the judgment denying defendant any relief upon its counterclaim.

A short statement of the facts, stated in a light most favorable to a sustaining of the judgment, is necessary to an understanding of the problems presented by this appeal.

In October 1954, plaintiff began negotiating with James D. Emanuel, defendant's sales manager, for the purchase of a 1954 Chrysler Imperial automobile. When the anticipated changes on the new 1955 models were explained to plaintiff he decided to wait and purchase the new model. In order to take advantage of the current higher resale price, plaintiff then conveyed and delivered his 1953 Packard automobile to defendant, although he was not to receive his new car until June 1955. Later the Packard was sold by defendant. Plaintiff, a salesman by trade, needed means of transportation during the interim and so he purchased a 1954 Lincoln automobile. It is the admission of testimony relating to the disposition of this Lincoln that creates the primary issue raised by this appeal.

The only instrument in writing covering the transaction is the following, which is a facsimile of plaintiff's copy of the "Car Purchase Order", as it was when signed by him, viz.:

**CAR PURCHASE ORDER**

# BEAUDRY MOTOR COMPANY

*Chrysler*

841-847 NORTH STONE AVENUE
PHONE 3-0534
TUCSON, ARIZONA

*Plymouth*

DX 2

Gentlemen:

Date *12/17/54*

Please enter my order for one new-used

to be delivered on or about *6/1/55* (barring delays in transportation or other causes beyond your control) according to the following terms and specifications.

| MAKE *Chrysler* | MODEL *Imperial* | TYPE *For dor* | |
|---|---|---|---|
| MOTOR NO. | SERIAL NO. | STOCK NO. | |

| | | | | | |
|---|---|---|---|---|---|
| CASH DELIVERED PRICE OF CAR | 5080 | 00 | DEPOSIT (SEE BELOW) | | |
| RADIO | 113 | 45 | CASH ON DELIVERY | | |
| HEATER | 82 | 00 | USED CAR ALLOWANCE $2400 00 | | |
| SEAT COVERS | | | | | |
| NU-CAR GUARANTEE | 15 | 00 | LESS USED CAR LIEN $ | | |
| *Air Conditioning* | 600 | 00 | | | |
| | | | NET BALANCE | | |
| LICENSE, TRANSFER & REGISTRATION FEES | - | | AMOUNT TO FINANCE | | |
| TAX | | | | | |
| TOTAL | | | TOTAL | | |

BALANCE TO BE PAID IN_____PAYMENTS OF $_____EACH, BEGINNING_____

INCLUDING FINANCE COMPANY HANDLING CHARGES AND_____INSURANCE.

**CAR TRADED IN**

| MAKE *Packard* | MODEL *2631* | YEAR *1953* | TYPE *Conv* |
|---|---|---|---|
| MOTOR NO. | SERIAL NO. | STOCK NO. | |

THE DEPOSIT OF $_____WILL RESERVE THE ABOVE AUTOMOBILE PROVIDING THE TRANSACTION IS COMPLETED ON OR BEFORE_____.

UNDER NO CIRCUMSTANCES WILL WE (BEAUDRY MOTOR CO.) REFUND ANY CASH (OR EQUIVALENT) FOR USED MOTOR VEHICLE OR CASH DEPOSIT TENDERED US AS PART PAYMENT ON NEW OR USED CARS FOR FUTURE DELIVERY. CREDIT WILL ONLY BE GIVEN ON PURCHASE OF NEW OR USED CAR IN ACCORDANCE WITH TERMS OF THIS ORDER. THIS ORDER IS NOT NEGOTIABLE OR TRANSFERABLE.

IT IS FURTHER UNDERSTOOD THAT THE UNDERSIGNED DEALER WILL NOT BE BOUND BY ANY UNDERSTANDING, AGREEMENTS, OR REPRESENTATIONS, EXPRESSED OR IMPLIED, NOT SPECIFIED HEREIN. THIS ORDER IS NOT VALID UNTIL PROPERLY COUNTERSIGNED AND ACCEPTED.

ALL PROVISIONS SET FORTH ON THE REVERSE SIDE HEREOF ARE PART OF THIS CONTRACT.

ACCEPTED:

SIGNED *Toms Druai*

RESIDENCE *6441 Santa Aurelia*

_____ SALES MANAGER          SALESMAN_____

**(over)**

130

The reverse side of this printed form contains a "Customer's Warranty on Trade-In", providing, inter alia, that the trade-in is unencumbered. The date for delivery of this trade-in is blank. Also a section entitled "New Car Warranty" and one entitled "Used Car Guarantee" can be found on this reverse side.

The court below admitted parol evidence of an alleged oral agreement between plaintiff and sales-manager Emanuel, whereby defendant was to receive the Lincoln automobile as a second trade-in towards the purchase price of the new Imperial. These and other oral conversations were admitted over defendant's strenuous objections. Four of the five assignments of error are directed toward the proposition that the written purchase order formed an integrated contract, written after the oral conversations took place, and as such was a valid, subsisting and unambiguous written contract. Therefore, defendant contends, it was error to admit parol evidence to vary or contradict the terms thereof.

There appears to be no dispute between these parties as to the inadmissibility of parol evidence to vary or contradict the terms of an integrated contract. The first ground of departure between the parties is whether or not this purchase order is an integrated contract, i. e., whether or not it is a final and complete expression of the agreement. If so, it was clearly erroneous to admit the parol testimony concerning the Lincoln and the judgment should be reversed.

The writing itself is the only criterion of the completeness of the written contract. If, on the face of the instrument, there purports to be a complete legal obligation, the parties are presumed to have included every material item and term. Parol evidence will not be allowed to speak where the contract is silent, or vary the terms where it speaks. Stewart v. Southwest Cotton Co., 38 Ariz. 547, 2 P.2d 1041. If the writing is an integrated contract, i. e., embodies the final and complete agreement of the parties, then oral testimony of the previous colloquia is inadmissible. Stewart v. Southwest Cotton Co., supra; S. H. Kress & Co. v. Evans, 21 Ariz. 442, 189 P. 625; cf. Lambros Metals v. Tannous, 71 Ariz. 53, 223 P.2d 570, 20 A.L.R.2d 933.

It is apparent plaintiff's carbon copy of the purchase order, supra, is on its face incomplete. It specifically provides that defendant will not be bound thereby unless the order is first accepted by it. The line provided for signature noting acceptance is blank. Plaintiff's signature is the only one appearing thereon.

Defendant's copy, being the original purchase order (which is also admitted in evidence) has the following additions admittedly added by defendant—after plaintiff Truax had signed and been given a copy

of said "order", viz.: the price for the radio has been changed to be $137.35 instead of the original $113.45; the insertion of $32.30 for seat covers where before none were included; the insertion of a stock number "1030"; under the term "accepted" appear the initials "J. D. E." (James D. Emanuel), and a significant difference appears under the "used car allowance". There a lien of $1,043.70, with the notation "pd V. N. B." and a balance of $1,356.30 ($2,400 less $1,043.70) to be credited as a used car allowance, has been inserted.

Without parol evidence which copy of the written instrument should the trial court have considered as the contract? The amount of the lien paid to the Valley National Bank was inserted pursuant to oral conversations. Had the parties considered this an integrated contract this lien would have been included in the written instrument when signed by plaintiff. If this were not contemplated then there would have been no necessity for defendant to later pay the amount due under the lien.

We hold the written instruments are neither integrated nor partially integrated contracts, hence the written memoranda and all of the oral conversations were properly admitted by the trial court so it could ascertain the terms of the true agreement between the parties.

The final assignment is that the court erred in granting judgment in the sum of $811.30 upon the grounds and for the reason plaintiff refused, as late as February 1955, to accept the return of the Packard car which, it is claimed, might have mitigated his damages in the entire amount claimed.

Defendant's offer to return the Packard was made subsequent to plaintiff's purchase of the Lincoln and his assuming obligation therewith. Later, in April or May, plaintiff offered to receive the money equivalent ($1,356.27) of the value of the Packard. Defendant in return offered to give plaintiff $600 "to get rid of him".

There is ample proof to show that plaintiff had suffered such a changed position in February that return of the Packard would not have placed him in statu quo. While it does not precisely appear how this particular sum ($811.30) was arrived at, the trial court does have considerable latitude in ascertaining the amount to be awarded in such a case. This matter of mutual rescission was resolved by finding judgment for plaintiff in an amount less than his claimed equity in the Packard—apparently allowing defendant a sales commission and reconditioning charge on the car—thereby placing both parties as nearly as possible in statu quo. There is no merit to this assignment.

Judgment affirmed.

WINDES, PHELPS, STRUCKMEYER and JOHNSON, JJ., concur.