376 P.2d 863

John T. BYRD, doing business as Sun Valley Motors, Appellant,

v.

Donald R. KIDD, Appellee.

No. 6663.

Supreme Court of Arizona.

In Division.

Dec. 19, 1962.

Rehearing Denied Jan. 22, 1963.

Herbert Mallamo, Phoenix, for appellant.

Flynn & Allen, Phoenix, for appellee.

JACK D. H. HAYS, Superior Court Judge.

Appellant was plaintiff in a suit to replevin an automobile. The automobile had been taken by the plaintiff and a replevin bond had been posted. The case was tried without a jury and the trial judge entered judgment for the defendant and assessed damages against the bond. Subsequently, a new trial was granted on the issue of damages only.

Defendant wanted to buy a car. He and his wife went to Val Hughes Motors, where they saw a car they liked. It was a 1955 Ford Victoria. Unknown to defendant, the car had been left by the plaintiff at Val Hughes Motors for sale on consignment. After some bargaining, the defendant and a salesman came to terms about the price of the car. The terms were approved by Val Hughes. Defendant was to trade in his 1952 Ford and pay $1,050.00 to boot. The salesman had the mistaken impression that defendant's car was a 1954 Ford. The difference in value between a 1952 and a 1954 Ford was about $500.00.

The parties agreed that the cash balance would be financed and that the Valley National Bank would be financing agent. Defendant and the salesman signed an agreement which included, among other things, the following condition: "This order is not binding unless authorized by an officer of the company, and purchaser's credit has been OK'd by finance company." Defendant also signed a blank form entitled "Conditional Sales Contract."

Defendant drove his new car home. After he had left, plaintiff arrived at Val Hughes Motors and saw defendant's car. He recognized the car as a 1952 rather than a 1954 model and directed the salesman to go to defendant's home to get back the Victoria. The salesman went to defendant's home, but defendant would not give up the car as he claimed a deal had been made. Plaintiff posted a bond and got immediate possession of the car under a writ of replevin.

The question on this appeal is whether the parties had made a contract for the sale

of the Victoria. If they had made a contract, the replevin was improper and the judgment should be affirmed. If they had not made a contract, the judgment must be reversed.

■ The agreement signed by the parties specified that it was not binding unless authorized by an officer of the company and the purchaser's credit had been approved by the finance company. Plaintiff's first claim is that there was no contract because there was no proper authorization. This claim is without merit. When Val Hughes, an officer of the company, was told of the terms of the sale he said to the salesman (referring to the defendant), "Write him up." The trial judge found this to be sufficient authorization and we agree.

■ Plaintiff next contends that there was no contract because the defendant's credit had not been approved by the finance company. We are of the opinion this contention has merit. Both parties agreed that the cash balance would be financed. They agreed that the financing agent would be the Valley National Bank. The mistake in the year of the car was discovered almost immediately and the salesman told defendant that his company would not go through with the deal. Because of the short time involved, the conditional sale contract which had been signed by the defendant was never presented to the Valley National Bank. None of its terms had been filled in. It did not specify the amount to be financed, the interest rate, whether there was to be insurance, whether life insurance was to be included, or any of the other conditions for which blank spaces were provided. The defendant admitted that these terms had not been agreed upon orally. The defendant took no independent action to get the bank's approval.

We have held that where an automobile purchase order, such as the one signed in this case, contains a condition that has not been fulfilled it is not an integrated contract. Beaudry Motor Company v. Truax, 84 Ariz. 126, 324 P.2d 1006.

In the present case, the automobile purchase order was binding only if there was approval of defendant's credit. Not only was there no approval of this credit but there was no agreement on the conditions upon which the credit was to be sought. There was no contract and the judgment below must be reversed with directions to enter judgment for the plaintiff.

Reversed and remanded for further proceedings not inconsistent with this opinion.

BERNSTEIN, C. J., and UDALL, V. C. J., concur.